UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:07CV-P48-R

**FREDERICK C. JACKSON III**                                                                              **PETITIONER**

v.

**COMMONWEALTH OF KENTUCKY**                                                              **RESPONDENT**

### MEMORANDUM OPINION

Petitioner Frederick C. Jackson III filed a petition for writ of habeas corpus challenging his state court conviction and sentence entered by the McCracken Circuit Court (Action No. 04-CR-00306) in October 2006.[1] On preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concluded that there appeared to be an exhaustion problem and ordered Petitioner to clarify the issue (DN 13). On review of the documents received since the entry of the Court's Order (DN 15), the Court will deny the petition, dismiss the action, and deny a certificate of appealability.

### I. ANALYSIS

It is axiomatic that one may not seek federal habeas corpus relief until he has exhausted all available state remedies or demonstrated their inadequacies. 28 U.S.C. § 2254(b); *Hannah v. Conley*, 49 F.3d 1193 (6th Cir. 1995). Any alleged constitutional deprivations must be asserted through the state appellate process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude

---

[1] Petitioner actually filed his habeas action on a form for filing a motion to vacate, set aside, or correct a *federal* sentence under 28 U.S.C. § 2255. In the motion, however, Petitioner indicates that he is challenging a state court conviction. Additionally, Petitioner later filed a § 2254 form and continues to reference § 2254 in subsequent filings.

that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."[2]  *Id.* The burden is on the petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile.  *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

On preliminary review of the petition, the Court found as follows:

Although the filings by Petitioner are not the model of clarity, he appears primarily to raise a Fourth Amendment challenge to the search warrant and to argue a *Miranda* violation.[3]  On review of the record, it does not appear that Petitioner has fully exhausted these claims in state court.  In his petition, Petitioner references two case numbers from the Kentucky Court of Appeals: 2006-CA-002230 and 2006-CA-2303.  A review of the Kentucky Court of Appeals' website [*see* http://apps.kycourts.net/Appeals/COA_Dockets.shtm] reveals that 2006-CA-002230 was filed as a petition for writ of mandamus, which was denied by order entered February 7, 2007, and finalized on April 4, 2007.  The grounds for filing the petition for mandamus relief are unknown, as are the bases on which it was denied.  The second case number referenced by Petitioner, 2006-CA-002303, is the direct appeal of his McCracken Circuit Court conviction being challenged in the present habeas action.  The appellate docket sheet reveals that the appeal is still pending.  Petitioner also submits a July 2007 denial by the McCracken Circuit Court of an RCr 11.42 motion filed by Petitioner.  In light of

---

[2]Under Kentucky Rule of Criminal Procedure (RCr) 12.05,

In all appeals from criminal convictions or post-conviction relief matters a litigant shall not be required to petition for rehearing or to file a motion for discretionary review to either the Kentucky Court of Appeals or Kentucky Supreme Court following an adverse decision of either the circuit court or Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error.  Rather, when the claim has been presented to the appellate court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies available for that claim.  If rehearing or discretionary review is sought on less than all of the claims of error presented on appeal, the litigant, nevertheless, shall be deemed to have exhausted all available state remedies respecting the claim(s) of error for which rehearing or discretionary review is not sought.  Finality of the opinion for all claims of error is governed by CR 76.30(2).

[3]Petitioner additionally references terms including bankruptcy, equal housing opportunity, fair notice, and the uniform commercial code and seeks injunctive and punitive relief in the amount of $8 million dollars each.  These claims are clearly not the proper subject matter of a habeas petition and will not be considered.

the foregoing information, it appears that Petitioner's claims are still being exhausted through the state court system. The Court will, therefore, order Petitioner to clarify the exhaustion issue before proceeding further.

In his response, Petitioner does not specifically address the exhaustion issue, but he attaches various documents, including a Notice of Ruling from the Clerk of Court of the Kentucky Court of Appeals dated August 16, 2007, granting the Commonwealth an extension until October 1, 2007, in which to file its brief in 2006-CA-2303, which, as identified above, is the direct appeal of Petitioner's McCracken Circuit Court conviction under attack in this § 2254 action. A review of the Kentucky Court of Appeals' docket sheet reveals that the Commonwealth filed its brief on October 1, 2007, and that Petitioner filed a reply brief on October 16, 2007. As the direct appeal of his McCracken Circuit Court conviction clearly is still pending in state court, the Court must deny the petition without prejudice for failure to exhaust.[4]

## II. CERTIFICATE OF APPEALABILITY

Before the petitioner may appeal this Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and

---

[4]In its Order asking Petitioner to clarify the exhaustion issue, the Court additionally advised the *pro se* litigant that "the petition must name as respondent the state officer who has custody," *see* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, and provided him with an opportunity to amend the petition to name the proper respondent. Petitioner has failed to name the proper respondent, which is another basis for denying the habeas petition.

3

that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. at 484.  If the petition was denied on procedural grounds, both showings must be made before a certificate of appealability should issue and the matter be heard on appeal.  *Id*.  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Id.*  In such a case, no appeal is warranted.  *Id.*

The Court is satisfied in the instant case that no jurists of reason could find its ruling to be debatable.  A certificate of appealability must, therefore, be denied.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:     Petitioner #203978, Marion Adjustment Center, 95 Raywick Rd., St. Mary, KY 40063
        Respondent
        Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals,
            1024 Capital Center Drive, Frankfort, KY 40601
4413.005